IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN DOBSHINSKY, | CASE NO. CV-F-06-1285 OWW DLB P |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND |
| vs. | |
| PLEASANT VALLEY STATE PRISON, et al., | [Docs. 1 and 8] |
| Defendants. | |

I.  Screening Order

    A.  Screening Requirement

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On September 18, 2006, plaintiff filed this action.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984),

1  citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners
2  Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must
3  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees,
4  425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve
5  all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

6        B.     Plaintiff's Claims

7  The events at issue in this action allegedly occurred at Pleasant Valley State Prison, where
8  plaintiff was formerly incarcerated. Plaintiff names the Warden of Pleasant Valley State Prison, the
9  Fresno County Superior Court and the Fresno County District Attorney as defendants. Plaintiff is
10 seeking injunctive relief.

11 In his complaint, plaintiff alleges that his counselor changed his classification score due to a
12 miscalculation and thereafter refused to adjust his status from a Level III inmate to a Level I inmate.
13 Plaintiff alleges that several Rules Violation Reports were incorrectly processed.

14 Plaintiff's complaint suffers from a number of deficiencies which require dismissal. The Court
15 will however, grant plaintiff an opportunity to file an amended complaint if he so chooses.

16 While it is unclear, to the extent plaintiff attempts to name Pleasant Valley State Prison as a
17 defendant, he is advised that he may not sustain an action against a state prison. The Eleventh
18 Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks
19 v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also
20 Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v.
21 Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th
22 Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state
23 itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp.,
24 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.
25 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh
26 Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir.
27 1989). Because the Pleasant Valley State Prison is a part of the California Department of Corrections,
28 which is a state agency, it is entitled to Eleventh Amendment immunity from suit.

To the extent plaintiff names the Warden of Pleasant Valley State Prison, he is advised that supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory Defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that the Warden personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.

In addition, prisoners have no constitutional right to a particular classification status, see Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976), and prisoners have no constitutional right to be incarcerated at a particular correctional facility. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Further, prisoners have no constitutional right to employment. Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997). Accordingly, absent a motive that implicates constitutional concerns, plaintiff's change in custody status does not give rise to a claim for relief. Vignolo at 1077-78 (inmate's alleged removal from his prison job in retaliation for the exercise of constitutionally protected activity may state a claim for relief). Plaintiff has alleged no facts that indicate that a motive that would implicate constitutional concerns was behind the changes. Accordingly, plaintiff's allegations fail to give rise to any claims for relief under section 1983.

1   Plaintiff does not specify the nature of his claims relating to the Rules Violation Reports.
2   However, since plaintiff will be given leave to amend the complaint, he is advised that "Prison
3   disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a
4   defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  With
5   respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are:
6   (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written
7   notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement
8   by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right
9   of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly
10  hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the
11  prisoner is illiterate or the issues presented are legally complex.  Id. at 563-71.  As long as the five
12  minimum Wolff requirements are met, due process has been satisfied.  Walker v. Sumner, 14 F.3d 1415,
13  1420 (9th Cir. 1994). "Some evidence" must support the decision of the hearing officer.  Superintendent
14  v. Hill, 472 U.S. 445, 455 (1985).  The standard is not particularly stringent and the relevant inquiry is
15  whether "there is *any* evidence in the record that could support the conclusion reached . . . ."  Id. at 455-
16  56 (emphasis added).

17   Plaintiff also makes reference to his attempts to appeal the results of his Rules Violations.  To
18  the extent plaintiff attempts to state a claim relating to the processing of his appeals, he is advised that,
19  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon
20  the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568
21  F. Supp. 8, 10 (N.D. Ill. 1982)); Sandin v. Conner, 515 U.S. 472, 484 (1995) (Liberty interests created
22  by state law are generally limited to freedom from restraint which "imposes atypical and significant
23  hardship on the inmate in relation to the ordinary incidents of prison life."); Ramirez v. Galaza, 334 F.3d
24  850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific
25  grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance
26  procedure confers no liberty interest on prisoner); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir.
27  1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections
28  envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore,

4

638 F. Supp. 315, 316 (E.D. Mo. 1986). The failure to process a grievance does not state a constitutional violation, and a prison official's involvement and actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. There is no constitutionally protected right to an appeals process and there is no constitutionally protected right to a particular outcome. Even if plaintiff's inmate appeals concerned the due process violations that allegedly occurred in conjunction with plaintiff's disciplinary hearings, defendants' actions in reviewing and issuing decisions on the appeals do not provide a basis upon which to impose liability under section 1983.

    C.    <u>Conclusion</u>

The court finds that plaintiff's complaint fails to state any cognizable claims upon which relief may be granted. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. Plaintiff should carefully review this order and the legal standards provided, and amend only those claims that plaintiff believes in good faith are cognizable.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;

2. The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file a second amended complaint; and

4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **March 2, 2007**              /s/ **Dennis L. Beck**
3b142a                                   UNITED STATES MAGISTRATE JUDGE