1

2

3

4

5

6

7

8             **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ALLEN DOBSHINSKY,                        CASE NO. 1:06-cv-01285-OWW-DLB (PC)

12                  Plaintiff,          _____FINDINGS AND RECOMMENDATION TO
                                        DISMISS AMENDED COMPLAINT
13          vs.                         WITHOUT LEAVE TO AMEND FOR
                                        FAILURE TO STATE A CLAIM
14   PLEASANT VALLEY STATE PRISON,
     et al.,                            [Docs. 8, 12, and 14]
15
                  Defendants.
16   _____/

17   I.     Screening Order

18          A.     Procedural History

19          Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. §

20   1983.  On September 18, 2006, plaintiff filed this action.  On March 5, 2007, the court ordered

21   plaintiff's complaint dismissed with leave to amend.  Plaintiff filed an amended complaint on April

22   9, 2007.

23          B.     Screening Requirement

24          The court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

27   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

28   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

2  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

3  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

4        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

6  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467

7  U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt

8  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this

9  standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.

10  Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most

11  favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395

12  U.S. 411, 421 (1969).

13        C.   Plaintiff's Amended Complaint

14        The events at issue in plaintiff's amended complaint occurred at Pleasant Valley State Prison,

15  where plaintiff was formerly incarcerated.  In his amended complaint, plaintiff names: Sergeant

16  Hoyt; Counselors Kern and Baker (corrected to "Berky" by plaintiff in a subsequently filed

17  memorandum of points and authorities – however the court will refer to this individual as Baker

18  since that is the surname used in the amended complaint); and "free staff janitorial instructors and

19  classification committees of PVSP 2000-2001" as defendants.  Per plaintiff's amended complaint,

20  plaintiff is seeking monetary damages, declaratory and injunctive relief.

21        In his amended complaint, plaintiff alleges that: (1) he was denied due process as to

22  classification of a Rule Violation Report for parole violation; (2) prison officials failed to calculate

23  his classification score correctly; (3) that he was subjected to cruel and unusual punishment as a

24  result of the errant classification of Rule Violation Report; and (4) that his right to be classified

25  correctly and to equal protection were violated, and he was subjected to cruel and unusual

26  punishment all as a result of the failure of prison officials to properly appoint an "administrative (sic)

27  on serious Rule Violation Report."

28        Plaintiff's amended complaint suffers from a number of deficiencies which now require

1  dismissal with prejudice.

2      It should be noted that, in arriving at the conclusions stated herein, the court reviewed

3  plaintiff's amended complaint and attachments thereto (filed April 9, 2007), plaintiff's memorandum

4  of points and authorities in support [of his amended complaint] (filed April 9, 2007), and plaintiff's

5  "furtherance" memorandum of points and authorities in support [of his amended complaint] (filed

6  June 8, 2007).  Both of plaintiff's memorandums of points and authorities delineate various statutes;

7  excerpt(s) from "The California State Prisoner Handbook, A Comprehensive Practice Guide to

8  Prison and Parole Law;" and excerpt(s) from "The Prison Law Offices."  Neither of plaintiff's

9  memorandum of points and authorities contain any statements of fact.

10     Plaintiff's "furtherance" memorandum of points and authorities in support [of his amended

11  complaint] (filed June 8, 2007), at page 5, named additional defendants (Investigative Employee

12  Fernandez; Correctional Officer C. Modlin; Lieutenant D.B. Patrick; and Facility Captains R.H.

13  Trimble and J. Gonzales) and sought additional relief ("additional damages, discretionary damages

14  (such as mental anguish, or pain and suffering) treble damages, enhancement damages (willfulness

15  of infringement) direct damages, necessary damages, and reliance damages")[1].

16     D.   Plaintiff's Claims

17         1.   Due Process

18              a.   Classification of RVR

19     As to the Rules Violation Reports, "[p]rison disciplinary proceedings are not part of a

20  criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not

21  apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  With respect to prison disciplinary

22  proceedings, the minimum procedural requirements that must be met are: (1) written notice of the

23  charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of

24  the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders

25  of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to

26

27      [1]  Plaintiff was advised in the court's March 2, 2007 order dismissing with leave to amend, that Local Rule 15-220
requires that an amended complaint be complete in itself, and that in an amended complaint, each claim and the involvement
28  of each defendant must be sufficiently alleged.

3

1  call witnesses in his defense, when permitting him to do so would not be unduly hazardous to

2  institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is

3  illiterate or the issues presented are legally complex.  Id. at 563-71.  As long as the five minimum

4  Wolff requirements are met, due process has been satisfied.  Walker v. Sumner, 14 F.3d 1415, 1420

5  (9th Cir. 1994).  "Some evidence" must support the decision of the hearing officer.  Superintendent

6  v. Hill, 472 U.S. 445, 455 (1985).  The standard is not particularly stringent and the relevant inquiry

7  is whether "there is *any* evidence in the record that could support the conclusion reached . . . ."  Id. at

8  455-56 (emphasis added).

9          Plaintiff has not provided the court with any allegations or factual assertions that prison

10  personnel did not comply with the five Wolff requirements.  This being the case, plaintiff's claim is

11  not cognizable under § 1983 and must be dismissed.

12                          b.        Parole Violation/Revocation Hearing

13          Plaintiff appears to attempt to allege that his due process and statutory rights were violated in

14  connection with a parole revocation hearing.  The court finds that, because plaintiff's section 1983

15  claim necessarily implicates the validity of his continuing confinement, it does not accrue unless and

16  until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of

17  habeas corpus.  Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (citing Heck v. Humphrey,

18  512 U.S. 477, 487 (1994)).  Plaintiff has not provided the court with any indication that his sentence

19  has been invalidated, or otherwise called into question.  As such, plaintiff's claim is not cognizable

20  under § 1983 and must be dismissed.

21                  2.        Plaintiff's Classification Score

22          Plaintiff states various facts regarding his points and classification score.  He begins his

23  statement of facts with a very brief recitation, apparently prior to his parole, of his points and

24  classification score while at San Quentin.  Plaintiff does not make sufficient allegations as to his

25  point accumulation at San Quentin to qualify as constitutional violations, nor does he name any

26  specific defendants from San Quentin.  Therefore, he fails to state a claim for constitutional

27  violations during his incarceration at San Quentin.

28          As to defendant Baker, plaintiff indicates that he informed Baker that his points from San

4

1   Quentin were not correct and that, at their next meeting, Baker changed plaintiff's classification

2   score -- taking away any good behavior points and adding six more points to his score.

3        Prisoners have no constitutional right to a particular classification status, see Moody v.

4   Daggett, 429 U.S. 78, 88, n.9 (1976), nor do prisoners have constitutional rights to be incarcerated at

5   a particular correctional facility.  Meachum v. Fano, 427 U.S. 215, 224-25 (1976).  Further, prisoners

6   do not even have a constitutional right to employment.  Vignolo v. Miller, 120 F.3d 1075, 1077 (9th

7   Cir. 1997).  However, an inmates alleged removal from his prison job in retaliation for the exercise

8   of a constitutionally protected activity may state a claim for relief.  Vignolo at 1077-78.

9        Plaintiff fails to state a claim for constitutional violations against Baker as plaintiff's

10  classification status is not a constitutionally protected right.  Further, plaintiff has alleged no facts in

11  his amended complaint that indicate a motive by Baker, or any other prison personnel, underlying the

12  change in his classification score, which would implicate constitutional concerns behind the changes

13  in his classification score.  Accordingly, plaintiff's allegations as to the changes in his classification

14  score fail to give rise to any claims for relief under section 1983.

15          3.    Cruel & Unusual Punishment

16       "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

17  Punishment Clause depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8

18  (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive

19  to contemporary standards of decency."  Id. (quotations and citations omitted).  "[E]xtreme

20  deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim,"

21  and "deliberate indifference to medical needs" violates the Eighth Amendment "only if those needs

22  are 'serious.'"  Id. at 9 (citation omitted).  With respect to these types of claims, "[b]ecause routine

23  discomfort is part of the penalty that criminal offenders pay for their offenses against society, only

24  those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave

25  to form the basis of an Eighth Amendment violation."  Id. at 9 (quotations and citations omitted).

26  With respect to excessive force claims, however, the malicious and sadistic use of force to cause

27  harm *always* violates contemporary standards of decency, regardless of whether or not significant

28  injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth

1   Amendment excessive force standard examines <u>de</u> <u>minimis</u> uses of force, not <u>de</u> <u>minimis</u> injuries)).

2        All of the facts plaintiff states in his amended complaint relate to the calculation of his

3   classification status points.  Plaintiff fails to allege facts:  to implicate any deprivation he has

4   suffered as a result of the miscalculation of his classification status; to support a claim of deliberate

5   indifference to his serious medical needs so as to violate his Eighth Amendment rights; and to

6   indicate any use of force by prison personnel against him. Thus, plaintiff's claims of cruel and

7   unusual punishment as a result of his the errant classification of an RVR must be dismissed.

8                   4.        Equal Protection

9        The Equal Protection Clause requires that persons who are similarly situated be treated alike.

10  <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985).  An equal protection

11  claim may be established in two ways.  First, a plaintiff establishes an equal protection claim by

12  showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership

13  in a protected class. <u>See</u>, <u>e.g.</u>, <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir.2001).  Under

14  this theory of equal protection, the plaintiff must show that the defendants' actions were a result of

15  the plaintiff's membership in a suspect class, such as race.   <u>Thornton v. City of St. Helens</u>, 425 F.3d

16  1158, 1167 (9th Cir. 2005).

17       If the action in question does not involve a suspect classification, a plaintiff may establish an

18  equal protection claim by showing that similarly situated individuals were intentionally treated

19  differently without a rational relationship to a legitimate state purpose.  <u>Village of Willowbrook v.</u>

20  <u>Olech</u>, 528 U.S. 562, 564 (2000); <u>San Antonio School District v. Rodriguez</u>, 411 U.S. 1 (1972);

21  <u>Squaw Valley Development Co. v. Goldberg</u>, 375 F.3d 936, 944 (9th Cir.2004); <u>SeaRiver Mar. Fin.</u>

22  <u>Holdings, Inc. v. Mineta</u>, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under

23  this theory, a plaintiff must allege that:  (1) the plaintiff is a member of an identifiable class; (2) the

24  plaintiff was intentionally treated differently from others similarly situated; and (3) there is no

25  rational basis for the difference in treatment.  <u>Village of Willowbrook</u>, 528 U.S. at 564.  If an equal

26  protection claim is based upon the defendant's selective enforcement of a valid law or rule, a

27  plaintiff must show that the selective enforcement is based upon an "impermissible motive." <u>Squaw</u>

28  <u>Valley</u>,  375 F.3d at 944; <u>Freeman v. City of Santa Ana</u>, 68 F.3d 1180, 1187 (9th Cir.1995).

1    Plaintiff failed to state any facts alleging: (1) his membership in an identifiable class; (2) that

2    he was intentionally treated differently from others similarly situated; or (3) any lack of rational basis

3    for his different treatment.  Thus, plaintiff's equal protection claim(s) must be dismissed.

4                    5.    Appeal(s) as to RVR's

5    Plaintiff also makes vague reference to his attempts to appeal the results of his Rule Violation

6    Reports.  To the extent plaintiff attempts to state a claim relating to the processing of his appeals, he

7    was advised in the court's prior order and is once again reminded that,  "[A prison] grievance

8    procedure is a procedural right only, it does not confer any substantive right upon the inmates."

9    Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8,

10   10 (N.D. Ill. 1982)); Sandin v. Conner, 515 U.S. 472, 484 (1995) (Liberty interests created by state

11   law are generally limited to freedom from restraint which "imposes atypical and significant hardship

12   on the inmate in relation to the ordinary incidents of prison life."); Ramirez v. Galaza, 334 F.3d 850,

13   860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific

14   grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance

15   procedure confers no liberty interest on prisoner; see also Mann v. Adams, 855 F.2d 639, 640 (9th

16   Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural

17   protections envisioned by the Fourteenth Amendment."  Azeez v. DeRobertis, 568 F. Supp. at 10;

18   Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  The failure to process a grievance does

19   not state a constitutional violation, and a prison official's involvement and actions in reviewing a

20   prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action.

21   Buckley, 997 F.2d at 495.

22   There is no constitutionally protected right to an appeals process and there is no

23   constitutionally protected right to a particular outcome.  Even if plaintiff's inmate appeal(s)

24   concerned the due process violation(s) that allegedly occurred in conjunction with plaintiff's

25   disciplinary hearings, defendants' actions in reviewing and issuing decisions on the appeals do not

26   provide a basis upon which to impose liability under section 1983.  Therefore, any claims plaintiff is

27   attempting to assert, regarding the appeal(s) of his various Rule Violation Reports, do not rise to the

28   level of a protected constitutional right and thus are dismissed.

1      6.      Supervisorial Liability

2      Under section 1983, liability may not be imposed on supervisory personnel for the actions of

3   their employees under a theory of respondeat superior.

4      Plaintiff named Sergeant Hoyt as a defendant for filing an incorrect incident report, and

5   accompanying point allocation, regarding an altercation which occurred on December 5, 2000.

6   Plaintiff alleges that he was assaulted by another black inmate, not vice versa, with plaintiff

7   thereafter chasing and jabbing at (but missing) the inmate who assaulted him.

8      When a named defendant holds a supervisorial position, the causal link between the

9   defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley,

10   607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert.

11   denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability,

12   plaintiff must allege some facts indicating that the defendant either: personally participated in the

13   alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them;

14   or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of

15   constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885

16   F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th

17   Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support

18   claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168

19   (1993).

20      While plaintiff alleges direct action on the part of Sergeant Hoyt (filing an incorrect incident

21   report which resulted in miscalculation of plaintiff's points so as to cause plaintiff's classification to

22   be in error), as discussed herein above, the alleged offending actions do not rise to the level of a

23   constitutional violation.

24      Plaintiff did not name Lieutenant D.B. Patrick; and Facility Captains R.H. Trimble and J.

25   Gonzales in his amended complaint.  Rather, he named them for the first time in his "furtherance"

26   memorandum of points and authorities which was filed approximately two months thereafter.  Any

27   claims plaintiff might assert against these person fail as he did not name these individuals, or any

28   facts as to his claims against them, in his amended complaint.  Thus, plaintiff failed to comply with

1    Local Rule 15-220 which requires that an amended complaint be complete in itself, and that in an

2    amended complaint, each claim and the involvement of each defendant be sufficiently alleged.  Even

3    if the court was allowed to accept plaintiff's naming of these individuals in his "furtherance"

4    memorandum of points and authorities, plaintiff's claims would necessarily fail as he did not include

5    any facts as to what wrongful acts he feels they engaged in so as to violate his constitutional rights.

6          Thus, plaintiff fails to state a claim of constitutional violation against Sergeant Hoyt,

7    Lieutenant D.B. Patrick, and Facility Captains R.H. Trimble and J. Gonzales.  As such, his claims

8    against them must be dismissed.

9                        7.    <u>Unnamed Defendants</u>

10         Plaintiff also names "free staff janitorial instructors and classification committees of PVSP

11   2000-2001" as defendants.  However, plaintiff has not specifically identified them or alleged any

12   facts that give rise to a claim for relief under section 1983. The Civil Rights Act under which this

13   action was filed provides :

14         Every person who, under color of [state law] ... subjects, or causes to be subjected,
           any citizen of the United States ... to the deprivation of any rights, privileges, or
15         immunities secured by the Constitution... shall be liable to the party injured in an
           action at law, suit in equity, or other proper proceedings for redress.  <u>42 U.S.C. §</u>
16         <u>1983</u>. ...

17         The statute plainly requires that there be an actual connection or link between the actions of

18   the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v.</u>

19   <u>Department of Social Services, 436 U.S. 658 (1978)</u>; <u>Rizzo v. Goode, 423 U.S. 362 (1976)</u>.  The

20   Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,

21   within the meaning of section 1983, if he does an affirmative act, participates in another's

22   affirmative acts or omits to perform an act which he is legally required to do that causes the

23   deprivation of which complaint is made."  <u>Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)</u>.

24         Plaintiff has neither specifically named the "free staff janitorial instructors and classification

25   committees of PVSP 2000-2001,"  nor indicated an affirmative act, or omission to act, by any of

26   them which violated plaintiff's rights.   Plaintiff's claims against unnamed defendant(s) will be

27   dismissed.

28   ///

                                               9

1   II.      Conclusion

2          The court finds that has failed to state a claim against any of the named defendants.

3   Accordingly, it is HEREBY RECOMMENDED that this entire action be dismissed with prejudice.

4          These Findings and Recommendations will be submitted to the United States District Judge

5   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).

6          Within **thirty (30) days** after being served with these Findings and Recommendations,

7   plaintiff may file written objections with the court.  The document should be captioned "Objections

8   to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

9   objections within the specified time may waive the right to appeal the District Court's order.

10  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12         IT IS SO ORDERED.

13      **Dated:    January 25, 2008**                      **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28